

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

STEPHEN R. MACINTYRE, and SCOTT E.
SULLIVAN,

                            Plaintiffs,

                    v.

JACK W. MOORE, Supervisor, Town of
Henrietta,

                            Defendant.

———————————————————

**DECISION AND ORDER**

6:15-CV-06660 EAW

## **INTRODUCTION**

Plaintiffs Stephen R. MacIntyre ("MacIntyre") and Scott E. Sullivan ("Sullivan") (collectively, "Plaintiffs") commenced this action on October 30, 2015, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). (Dkt. 1). The complaint names only one Defendant: Jack W. Moore ("Moore" or "Defendant"), the Town Supervisor of the Town of Henrietta, New York. (*Id.* at 1).

Presently before the Court is Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), (Dkt. 4), and Plaintiffs' cross-motion for leave to file an amended complaint. (Dkt. 8). As discussed below, Plaintiffs have failed to plausibly allege a claim under either the FLSA or ERISA. However, because Plaintiffs *may* be able to plausibly allege a claim under the FLSA, they are granted leave to do so within thirty days of the date of this Decision and Order.

## FACTUAL BACKGROUND[1]

Plaintiffs, former Engineering Inspectors for the Town of Henrietta, New York, were terminated from their employment by Moore on January 23, 2015. (Dkt. 1 at 3). Plaintiffs claim that they were misclassified as independent contractors, rather than town employees. (*Id.* at 3). Plaintiffs assert that Defendant terminated them to avoid paying Plaintiffs "a standard civil service wage and benefit entitlement and denied [Plaintiffs] the opportunity to participate in the NYS State [sic] Retirement Program." (*Id.* at 4). Plaintiffs claim that they are owed lost wages, overtime compensation, and unpaid benefits. (*Id.*).

## DISCUSSION

### I.   Defendant's Motion to Dismiss

In considering a motion to dismiss, a court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (citation omitted). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Turkmen v. Ashcroft*, 589 F.3d 542,

---

[1]   The facts here are those alleged in the complaint.

546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also*

*Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("The plausibility standard is not akin to

a probability requirement.   A well-pleaded complaint may proceed even if it strikes a

savvy judge that actual proof of the facts alleged is improbable, and that a recovery is

very remote and unlikely." (citations and internal quotation marks omitted)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

(alteration and citations omitted).   Thus, "at a bare minimum, the operative standard

requires the 'plaintiff to provide the grounds upon which his claim rests through factual

allegations sufficient to raise a right to relief above the speculative level.'" *Goldstein v.*

*Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (alteration and citations omitted).

In addition, "[i]t is well settled that pro se litigants generally are entitled to a

liberal construction of their pleadings, which should be read to raise the strongest

arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)

(internal quotation marks omitted).

A.   **Plaintiffs' FLSA Claim Must Be Dismissed**

1.   **The Court Need Not Determine at this Time Whether a Public Official Can Be Held Personally Liable Under the FLSA**

Defendant first argues that he, as a public official, cannot be held personally liable

under the FLSA.  (Dkt. 4-1 at 3-4).

The FLSA provides for a minimum hourly wage, 29 U.S.C. § 206(a), and requires employers to pay overtime if an employee works more than 40 hours in a workweek.  29 U.S.C. § 207(a).

> [T]he statute "defines the verb 'employ' expansively to mean 'suffer or permit to work.'"  Unfortunately, however, the statute's definition of "employer" relies on the very word it seeks to define: "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  The statute nowhere defines "employer" in the first instance.

*Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013) (internal citation omitted).

Although the Second Circuit has repeatedly endorsed the notion that individuals may be liable as employers under the FLSA, *see id.* at 117 (finding the chairman, president, and chief executive officer of a private corporation individually liable as an employer); *Velez v. Sanchez*, 693 F.3d 308, 331 (2d Cir. 2012) (finding an individual who engaged a domestic servant in her household could be an employer under the FLSA); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999) (finding the chairman of the board of directors of a company personally liable as an employer under the FLSA), no Second Circuit case has determined whether a public sector official can be held individually liable as an employer under the FLSA.[2]  However, other Circuits are split on

---

[2]    The Court's research also has not identified any district court in this Circuit that has interpreted the FLSA as imposing individual liability on a public sector official. However, at least four district courts within the Second Circuit have recognized individual liability against public employees under the Family Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA").  *See, e.g., Tiffany v. N.Y. State Veteran's Home*, No. 3:15-cv-0108 (MAD/DEP), 2015 WL 4460968, at *11 (N.D.N.Y. July 21, 2015); *Santiago v. Dep't of Transp.*, 50 F. Supp. 3d 136, 150-51 (D. Conn. 2014); *Wanamaker v. Westport Bd. of Educ.*, 899 F. Supp. 2d 193, 201-02 (D. Conn. 2012); *Smith v. Westchester Cty.*, 769 F. Supp. 2d 448, 476 (S.D.N.Y. 2011).  These findings are relevant

the issue. *Compare Mitchell v. Chapman*, 343 F.3d 811, 832 (6th Cir. 2003) (noting that the Sixth Circuit has "never extended individual liability to public employees under the FLSA"), *and Wascura v. Carver*, 169 F.3d 683, 686 (11th Cir. 1999) ("[T]he law of this circuit [is] that a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA.") *with Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir. 2012) ("[T]he FLSA explicitly provides that an employer includes 'any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a *public* agency. . . .'" (citation omitted) (emphasis original)); *and Lee v. Coahoma Cty., Miss.*, 937 F.2d 220, 226 (5th Cir. 1991) (finding a public official individually liable under the FLSA).

Resolution of this legal issue is unnecessary in this case, because, as described below, even if Moore could be held personally liable under the FLSA, the complaint lacks sufficient factual allegations from which the Court could find that Moore was an employer.

**2.    The Complaint is Wholly Lacking in Factual Allegations as to Moore's Status as an Employer**

Courts apply an "economic reality" test to determine whether workers are employees, and "whether managers or owners are employers." *Irizarry*, 722 F.3d at 104. The test's four factors are "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions

---

because "[i]n assessing individual liability under the FMLA, district courts within the Second Circuit have applied the FLSA test of 'whether, as a matter of economic reality, an entity is an employer for purposes of the FLSA' to the FMLA because the FMLA definition of employer 'tracks that of the FLSA.'" *Smith*, 769 F. Supp. 2d at 475.

of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). The Second Circuit requires a case-by-case analysis, reviewing the facts in the totality of the circumstances. *Irizarry*, 722 F.3d 104.

Here, the complaint fails to plausibly allege sufficient factual allegations that Moore was an employer under the FLSA. Plaintiffs' only allegations as to Moore are that he is the Town Supervisor of Henrietta, and that he terminated their employment. (*See* Dkt. 1 at 1, 3). There are no allegations that Moore supervised or controlled their work schedules or conditions of employment, determined their pay, or maintained any employment records.[3] (*See* Dkt. 1). Plaintiffs' bare-bones allegations are patently insufficient to state a claim for relief.[4] *See Twombly*, 550 U.S. at 570. As such, Plaintiffs have failed to state a claim for relief. *See, e.g.*, *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (finding that "mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details—essentially 'a formulaic recitation of the elements of

---

[3]     The attorney letter attached to the complaint, (Dkt. 1-1), asserts only that the Town of Henrietta was Plaintiffs' employer. (*See id.*). Thus, it offers no additional allegations as to Moore's status as an employer under the FLSA.

[4]     To the extent that Plaintiffs argue additional factual allegations in their opposition papers (*see* Dkt. 11 at 2), the Court cannot refer to those additional factual allegations in assessing the sufficiency of *this* complaint. In deciding a Rule 12(b)(6) motion, the Court is generally limited to reviewing "the allegations contained within the four corners of [the plaintiff's] complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998); *see, e.g.*, *Friedl v. City of N.Y.*, 210 F.3d 79, 83-84 (2d Cir. 2000) (finding that a district court errs if, in deciding a Rule 12(b)(6) motion, it "relies on factual allegations contained in legal briefs or memoranda.").

a cause of action'—are insufficient to raise [the] plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA" (quoting *Twombly*, 550 U.S. at 555)). Therefore, Plaintiffs' FLSA claim against Moore must be dismissed.

However, because a *pro se* complaint must be read broadly, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA. Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). An amendment is afforded "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Id.*; *see, e.g.*, *Akande v. U.S. Marshals Serv.*, 13-4629, 2016 WL 4543542, at *3 (2d Cir. Aug. 31, 2016) ("We therefore cannot conclude with confidence that [the plaintiff] cannot plausibly allege a viable cause of action. Accordingly, . . . [the plaintiff should] be given one more opportunity to amend his complaint to better articulate the facts he alleges and the legal bases for his claims.").

Plaintiffs may be able to establish an FLSA claim against Moore. Under a liberal reading of the complaint, Plaintiffs raise a plausible claim under the overtime regulations of the FLSA. (*See* Dkt. 1). "To survive a motion to dismiss, Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Although the complaint itself lacks the factual foundation to state a claim of unpaid overtime, the exhibit attached to the complaint satisfies this requirement. (*See* Dkt. 1-1); *see also Roth*, 489 F.3d at 509 ("Documents

that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered [in ruling on a Rule 12(b)(6) motion].").  In the exhibit, Plaintiffs provide factual allegations that MacIntyre was not paid for a total of 76 hours of overtime between 2012 and 2014, and Sullivan was not paid overtime for a total of 48 hours in 2013 and 2014.  (Dkt. 1-1 at 4-5).  Therefore, Plaintiffs' substantive allegations as to unpaid overtime wages are sufficient.  And, if Plaintiffs alleged sufficient factual information to satisfy the *Carter* test, Plaintiffs would plausibly state a claim for relief against Moore under the FLSA overtime regulations.  As such, they are granted leave to amend the complaint to include sufficient facts, if applicable, to allege that Moore was an employer under the FLSA.

## B.      Plaintiffs' ERISA Claim Must be Dismissed

Plaintiffs also seek payment for benefits under the New York State Retirement Program.  (Dkt. 1 at 4).  Defendant argues that ERISA does not apply to the plan at issue, (Dkt. 4-1 at 11-12), and, in fact, in their response, "Plaintiffs concede that ERISA is not the proper venue for the claims involving benefits recovery."  (Dkt. 11 at 3).

ERISA was enacted because "Congress found it desirable that 'disclosure be made and safeguards be provided with respect to the establishment, operation, and administration of [employee benefit] plans,'" *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 15 (1987) (quoting 29 U.S.C. § 1001(a)), and to ensure "uniformity of regulation with respect to [these plans'] activities." *Id.* (quoting H.R. Rep. No. 94-1785, p. 46 (1977)).  ERISA regulates both employee welfare benefit plans and pension benefit plans.

*See N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins.*, 514 U.S. 645, 650 (1995); *see also* 29 U.S.C. § 1002(1)-(3).

> The ERISA statute defines "employee welfare benefit plan" as:
>
> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1).  However, "governmental plan[s]" are exempt from the dictates of ERISA.  *Id.* § 1003(b)(1); *see, e.g., Roy v. Teachers Ins. & Annuity Ass'n*, 878 F.2d 47, 49 (2d Cir. 1989) ("While ERISA was under consideration, some thought was given toward applying it to public sector employee benefit plans.  Mindful of the principles of federalism, however, Congress opted to remove such plans from ERISA's scope." (internal citation omitted)).  A governmental plan is one that is "established or maintained for its employees . . . by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."  29 U.S.C. § 1002(32). "[W]hen a pension plan has been established by a governmental entity for its employees . . . the plan must be exempt from ERISA as a governmental plan."  *Roy*, 878 F.2d at 50.

"To state a claim under ERISA, a plaintiff must allege and establish the existence of an 'employee benefit plan' that is governed by ERISA."  *Timian v. Johnson &*

*Johnson*, No. 6:15-cv-06125(MAT), 2015 WL 6454766, at *3 (W.D.N.Y. Oct. 26, 2015). Here, Plaintiffs seek payment under ERISA for being denied the opportunity to participate in the New York State Retirement Plan through the Town of Henrietta, New York. (Dkt. 1 at 4). According to these allegations, the plan at issue is a governmental plan under ERISA because the plan is "established or maintained for its employees . . . by the government" of New York state and/or the Town of Henrietta, a political subdivision of New York state. *See* 29 U.S.C. § 1002(32). Because Plaintiffs have not alleged the existence of any employee benefit plan which is governed by ERISA, they have failed to state a claim, and their ERISA claim must be dismissed. Plaintiffs are not granted leave to amend this claim because any such amendment would be futile.

## II.    Plaintiffs are Granted Leave to Amend

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* Here, Plaintiffs seek leave to add the Town of Henrietta as a defendant in this action. (Dkt. 8). Defendants oppose the amendment because Plaintiffs failed to comply with the Local Rules of Civil Procedure, and on the grounds of futility. (Dkt. 13 at 3-6).

Pursuant to this District's Local Rules:

> [a] movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must be a complete pleading superseding the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.

L.R. Civ. P. 15(a).

Here, Plaintiffs have failed to comply with Local Rule 15. They did not attach an unsigned copy of the proposed amended complaint as an exhibit to their motion. (Dkt. 8). However, the Court is required to read *pro se* filings liberally, and to grant motions for leave to amend where the interests of justice so require. Because Plaintiffs may be able to assert a plausible FLSA claim against the Town of Henrietta and/or Moore, they are granted leave to do so. Indeed, the Court would grant leave to amend regardless of whether Plaintiffs had filed a cross-motion seeking permission to do so, thus rendering the failure to comply with the District's Local Rules largely irrelevant.

**Plaintiffs may file their amended complaint with 30 days of the date of this Order**. Plaintiffs are advised that the amended complaint is intended to **completely replace** the complaint. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1997) ("[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect."). Plaintiffs' amended complaint must name all defendants, include all of Plaintiffs' allegations, and attach any exhibits Plaintiffs seek to include, so that the amended complaint may stand on its own as the operative pleading in this matter.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. 4) is granted, but

Plaintiffs are granted leave to amend (Dkt. 8) consistent with this Decision and Order.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: July 28, 2017
        Rochester, New York