UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEPHEN R. MacINTYRE and
SCOTT E. SULLIVAN,

                                    Plaintiffs,

v.                                                          Civ. No.: 15-cv-6660W

JACK W. MOORE and
TOWN OF HENRIETTA (Public Agency),

                                    Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND DEFENDANTS' MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT

The parties have recently reached an amicable settlement of Plaintiffs'

claims against Defendants, which includes a claim for unpaid overtime wages brought

under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*  To affect this

settlement, the parties respectfully seek Court approval for the stipulated dismissal of

the action with prejudice under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

Procedure.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir

2015).  Pursuant to the terms of the settlement, the Plaintiffs will each receive full

payment of the unpaid overtime wages allegedly owed to them and an equal amount

as liquidated damages, and an additional sum to reimburse the *pro se* Plaintiffs for

costs and pre-suit legal consultation.  The settlement should be approved because it is

fair, reasonable, adequate, and in the parties' mutual best interest to avoid the

anticipated burdens and expenses of further litigation.

Plaintiffs Stephen R. MacIntyre and Scott E. Sullivan ("Plaintiffs") filed

their initial Complaint on October 30, 2015, asserting claims for lost wages, overtime

compensation and other employment benefits pursuant to the FLSA and the

Employee Retirement Income Security Act of 1974 ("ERISA") because they were misclassified as "contract workers" by the Town of Henrietta.  (Dkt. 1.)  Defendants moved to dismiss the Complaint on September 19, 2016.  (Dkt. 4.)   Plaintiffs moved for leave to amend their Complaint.  (Dkt. 8.)  Defendants opposed the motion.  (Dkt. 13.)  In the Court's Decision and Order of August 28, 2017, Judge Wolford granted Defendants' Motion to Dismiss, but granted Plaintiffs leave to amend to add the Town of Henrietta as a defendant, and to include facts sufficient to allege that Mr. Moore was an employer under the FLSA within thirty days of the Order.  (Dkt. 15.)  Plaintiff MacIntyre requested an extension of time to file because he was unable to obtain Plaintiff Sullivan's signature.  (Dkt. 16.)  The Court granted the request, and Plaintiffs filed an Amended Complaint.  (Dkts. 17-18.)  In addition to making changes pursuant to the Decision and Order, Plaintiffs asserted a new claim of unjust enrichment.  (Dkt. 18.)  Plaintiffs alleged damages were $1,330.75 unpaid overtime, $115,048.75 fringe benefits, wage differentials, premium pay benefits and unemployment and retirement contributions, liquidated damages and $5,000 attorneys' fees.  Defendants moved to dismiss the unjust enrichment claim and the claims against Defendant Jack Moore asserted in the Amended Complaint.  (Dkt. 20.)  Plaintiffs opposed the Motion to Dismiss.  (Dkt. 22.)  In the Court's Decision and Order of September 28, 2018, Judge Wolford granted the motion to dismiss Plaintiffs' unjust enrichment claim and otherwise denied the motion.  (Dkt. 24.)  Defendants filed an Answer to the Amended Complaint on October 12, 2018.  (Dkt. 25.)

This case was referred to Magistrate Judge Feldman, and a Rule 16(b) conference was scheduled for November 14, 2018.  (Dkts. 26-27.)  The parties

conferred and determined that all parties were interested in resolving the matter without further litigation.  Counsel for Defendants notified the Court and requested that the scheduled conference be used to discuss settlement.  Counsel for Defendants also requested that Plaintiffs substantiate the demand for attorneys' fees of $5,000 set forth in the Amended Complaint because Plaintiffs are proceeding *pro se*.  The parties continued to discuss settlement, and Plaintiffs provided a summary of legal costs and attorneys' fees incurred totaling $3,923.  On November 14, 2018, Plaintiff MacIntyre and counsel for Defendants appeared before Judge Feldman.  Plaintiff Sullivan did not appear for the conference.  Defendants made a settlement offer during the conference and subsequently confirmed in writing of $6,584.50, representing the entire amount of alleged unpaid overtime demanded, in addition to liquidated damages, and the full amount of attorneys' fees and costs Plaintiffs represented they had incurred to date. The parties continued to engage in settlement negotiations and reached agreement on a total sum of $7,500.  The parties executed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form and the case was referred to Judge Feldman to conduct all proceedings and order the entry of judgment.  (Dkt. 31.)

       As part of this settlement, the parties have agreed that Plaintiffs' FLSA claims against Defendants should be dismissed with prejudice.  Plaintiffs and Defendants have attached a copy of the proposed Settlement Agreement to this Memorandum, and provide details demonstrating that the compromise settlement of Plaintiffs' claims against Defendants is fair, reasonable, adequate, and in the parties' mutual best interest.  (*See* Settlement Agreement, Exhibit A.)

## Plaintiffs' Claims Against Defendants

Plaintiffs MacIntyre and Sullivan alleged in their complaint that they are entitled to overtime compensation pursuant to the FLSA because they were misclassified as "contract workers" by the Town of Henrietta during the years 2012-2015.  As set forth above, Plaintiffs also alleged that they were entitled to lost wages and other employment benefits pursuant to ERISA and common law unjust enrichment.  These claims were dismissed, and the only remaining claim is for unpaid overtime under the FLSA.

In Plaintiffs' Amended Complaint, they allege that they were employed as Engineering Inspectors by the Town of Henrietta and Jack Moore until they were dismissed on January 23, 2015.  At that time, the Town of Henrietta transitioned the inspection work to be performed by private firms.  Plaintiffs allege that they were improperly classified as independent contractors because of the nature of the relationship between the parties and the level of control over the work performed by the Plaintiffs.  Plaintiffs allege that the nature of their work required them to work beyond the scope of "normal" working hours and that as a result they worked more than 40 hours during some weeks.  Plaintiffs contend that they did not receive pay at the overtime rate to which they were entitled as employees under the FLSA.

Defendants compensated Plaintiff MacIntyre for work performed as an Engineering Inspector at various pay rates ranging from $20 to $22 per hour during the relevant time period.  Defendants agreed to compensate Plaintiff Sullivan for work performed as an Engineering Inspector at various pay rates ranging from $21 to $22 per hour during the relevant time period.  (Dkt. 1.)  Plaintiffs provided a calculation of

unpaid overtime for Plaintiff MacIntyre totaling 76 hours for overtime hours worked during the years of 2012, 2013 and 2014 totaling $807.75.  (Dkt. 1.)  Plaintiffs provided a calculation of unpaid overtime for Plaintiff Sullivan totaling 48 hours for overtime hours worked during the years of 2013 and 2014 totaling $523. (Dkt. 1.)  Plaintiffs therefore estimate and contend that they are owed $1,330.75 in unpaid wages for a recovery period ranging back to May 2012 (if Plaintiffs proved "willful" FLSA violations).

Plaintiffs are proceeding *pro se* in the present litigation.  Plaintiffs have incurred approximately $318 in out-of-pocket costs related to this litigation.  Prior to commencing this lawsuit, Plaintiffs sought legal consultation regarding their rights and damages, and the preparation of a pre-suit demand letter.  Plaintiffs paid approximately $3,605 for these services.

Defendants deny the substantive allegations in Plaintiffs' Amended Complaint and deny all liability under the FLSA or any other law.  Defendants denied that Plaintiffs were improperly classified as independent contractors, denied that Jack Moore was Plaintiffs' employer as defined by the FLSA, and denied Plaintiffs' allegations and any wrongdoing.  Defendants also denied that there were grounds for an award of liquidated damages, as Defendants acted in good faith and had reasonable grounds for believing they acted properly in their pay and classification of Plaintiffs and in compliance with the FLSA.

## Settlement Terms

Plaintiffs and Defendants' counsel engaged in pre-discovery settlement negotiations due to a shared desire to resolve the matter without further litigation.  As part of the settlement negotiations, the parties agreed to settle the unpaid wage claims

for a total of $7,500 (the settlement amount).  (*See* Exhibit A.)  This amount exceeds the total alleged unpaid overtime, liquidated damages and attorneys' fees and costs incurred by Plaintiffs.  From the Plaintiffs' perspective, the prompt, single lump sum payment of all alleged unpaid overtime wages and liquidated damages is far preferable to continued litigation, given the potential risks and uncertainties.  From Defendants' perspective, this payment is preferable to incurring further fees to defend this litigation.

Under the settlement terms, the total settlement will be allocated between the Plaintiffs based on their requested distribution.  Defendants will deliver to Plaintiff MacIntyre a check in the gross amount of six thousand four hundred and fifty-four dollars ($6,454.00) payable to Mr. MacIntyre, for which the Town will issue an IRS Form 1099.  (Exhibit A, ¶ 2.)  Defendants will deliver to Plaintiff Sullivan a check in the gross amount of one thousand and forty-six dollars ($1,046.00) payable to Mr. Sullivan, for which the Town will issue an IRS Form 1099.  (*Id.*)  This allocation provides each Plaintiff the unpaid overtime wages allegedly owed to them and an equal amount representing liquidated damages (as calculated by Plaintiffs).  Plaintiff MacIntyre will receive the additional settlement payment to reimburse him for incurred fees and costs, and for taking the lead on the *pro se* representation in the instant case. The parties have agreed to mutual releases and have not required confidentiality as part of the Settlement Agreement.

**Settlement Terms Reflect a Fair and Reasonable Compromise of Disputed Issues**

The proposed settlement is fair, reasonable, adequate, and in the parties' mutual best interest.  "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not

Case 6:15-cv-06660-JWF   Document 33-1   Filed 01/16/19   Page 7 of 10

limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the

extent to which 'the settlement will enable the parties to avoid anticipated burdens and

expenses in establishing their respective claims and defenses'; (3) the seriousness of

the litigation risks faced by the parties; (4) whether 'the settlement agreement is the

product of arm's-length bargaining between experienced counsel'; and (5) the

possibility of fraud or collusion."  *Snead v. Interim HealthCare of Rochester, Inc.*, 286

F. Supp. 3d 546, 550 (W.D.N.Y. 2018) (citing *Wolinsky v. Scholastic Inc.*, 900

F.Supp.2d 332, 335 (S.D.N.Y. 2012)).

  Both Plaintiffs and Defendants are confident about their factual and legal

positions in this matter and are prepared to vigorously defend their positions; however,

they are also interested in a fair and efficient resolution.  The Plaintiffs are primarily

interested in a monetary settlement which would allow them to receive what they

believe are the unpaid wages and damages owed and move on from time-consuming

litigation.  From the Defendants' perspective, Plaintiffs' claims are disputed, but the

associated costs of continuing to litigate this case compared to the alleged amount of

damages factor in favor of early settlement.

  Despite the factual and legal disagreements between the parties, both

parties identified a compromise settlement of Plaintiffs' claims against Defendants to

avoid risks and costs associated with litigation, including discovery and further motion

practice or a trial.  Thus, early settlement will enable the parties "to avoid anticipated

burdens and expenses in establishing their respective claims and defenses."  *Snead*,

286 F. Supp. 3d 550.  "Generally, there is a strong presumption in favor of finding a

settlement fair, as the Court is generally not in as good a position as the parties to

determine the reasonableness of an FLSA settlement." *Id.* (citing *Lliguichuzhca v. Cinema 60, LLC,* 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013)). Here, the Settlement Agreement "was reached early in the proceedings, reflecting the legitimate concerns of both sides to avoid time-consuming and potentially expensive litigation burdens...." *Goett v. VI Jets Int'l, Inc.,* No. 14-CV-8256 (MHD), 2015 WL 3616961, at *2 (S.D.N.Y. Apr. 22, 2015); *see also Zamora v. One Fifty Fifty Seven Corp.,* No. 14 Civ. 8043 (AT), 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) ("Beyond establishing claims and defenses at trial, proceeding with litigation would require further discovery and motion practice.").

The amount of Plaintiffs' recovery under the proposed Settlement Agreement is clearly fair when compared to Plaintiffs' expected "range of possible recovery" given that the settlement amount constitutes the entire potential recovery of unpaid overtime wages and liquidated damages. *Id.* Further, the breakdown of the settlement payment to the Plaintiffs was requested and approved by both Plaintiffs. The breakdown fully compensates both Plaintiffs for their alleged unpaid overtime wages and liquidated damages, and reflects Plaintiff MacIntyre's incurred fees and costs, and role in taking the lead on their *pro se* representation in the instant case.

Plaintiffs are proceeding *pro se*; therefore, the Settlement Agreement is not "the product of arm's-length bargaining between experienced counsel." However, Plaintiffs have obtained multiple legal consultations with regard to the claims asserted and the calculation of unpaid overtime wages. Counsel for Defendants negotiated with Plaintiffs (former employees) both in front of the Court during the scheduling conference and during telephone conferences. There is no concern for fraud or

8

collusion.  The Settlement Agreement contains mutual releases and does not contain a confidentiality provision, additional considerations which weigh in favor of approval. (*See* Exhibit A; *Snead*, 286 F. Supp. 3d 553 (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).)

## **Conclusion**

The parties have negotiated the attached Settlement Agreement which reflects a fair and reasonable compromise of the disputed issues. The Defendants have agreed to promptly pay the Plaintiffs their alleged unpaid overtime wages, liquidated damages and fees and costs incurred, in exchange for Plaintiffs' release of wage claims and voluntary dismissal of this case.  Plaintiffs and Defendants respectfully request the Court approve the Settlement Agreement in this case.

Respectfully Submitted,

Dated:  January 16, 2019

WEBSTER SZANYI LLP
Attorneys for Defendants

By:    *s/Heather L. Dechert*
　　　　Heather L Dechert
　　　　Michael P. McClaren
1400 Liberty Building
Buffalo, NY 14202
(716) 842-2800
hdechert@websterszanyi.com
mmcclaren@websterszanyi.com

Dated:  January 16, 2019

*s/Stephen R. MacIntyre*
Stephen R. MacIntyre, *Pro Se*
43 Ivory Way
Henrietta, NY 14467

9

Dated:  January 16, 2019                    _s/Scott E. Sullivan_____
                                            Scott E. Sullivan, *Pro Se*
                                            274 Gorham Street
                                            Canandaigua, NY 14424