# SETTLEMENT AGREEMENT
# INCLUDING RELEASE AND WAIVER OF CLAIMS

This Agreement is entered into by and between Stephen R. MacIntyre and Scott E. Sullivan ("Plaintiffs") and Jack W. Moore and the Town of Henrietta (the "Town"), collectively referred to as the "Parties."

**WHEREAS**, Plaintiff MacIntyre was engaged by the Town to provide consultant inspection services between 2004 and January 23, 2015, and Plaintiff Sullivan was engaged continuously by the Town consultant inspection services between 2013 and January 23, 2015; and

**WHEREAS**, Plaintiffs filed a lawsuit in United States District Court for the Western District of New York (the "Court") under Case No. 15-CV-6660 alleging that they were not properly classified as independent contractors by the Town, (the "Action") and that the Town owed them unpaid wages and compensation for the period of time between 2012 and the termination of their employment; and

**WHEREAS**, it is the Town's position that Plaintiffs were properly classified as independent contractors, and it has denied all of Plaintiffs' allegations as well as any and all wrongdoing;

**WHEREAS**, after substantial discussion between the Plaintiff's and counsel for Jack Moore and the Town, the Parties reached a settlement of the action, which is contingent upon, and subject to, the Court's approval and dismissal of the Action;

**NOW, THEREFORE,** in consideration of the Release and Waiver, and other promises and mutual covenants hereinafter set forth, the Parties agree as follows:

1. **Court Approval**.  This Agreement is subject to, and contingent upon, the Court's approval of the settlement reflected in this Agreement and the with-prejudice dismissal of the Action.  If the Court does not approve the settlement reflected in this Agreement and dismiss the Action with prejudice, the Parties will make all good faith efforts to resolve the objections raised by the Court, and if the Parties are unable to resolve the objections after good-faith consultation, this Agreement shall be null and void.  The Parties shall cooperate in the preparation and filing of all documents that may be necessary for the Court to approve the Parties' settlement and dismiss the Action with prejudice.  The Parties shall file all documents necessary for the Court to approve the Parties' settlement and dismiss the Action with prejudice.

2. **No Admission of Liability**.  The Parties agree that neither this Agreement nor the furnishing of consideration for the Release and Waiver shall be

deemed or construed at any time for any purposes as an admission by any party of any liability or unlawful conduct of any kind by any party.

3. **Payment and Payment Timing**.  The Parties shall execute this Agreement within seven (7) business days after the court approves the settlement as a fair and reasonable resolution of a bona fide dispute.  The Town will, within fourteen (14) calendar days of (a) the execution of this Agreement, and (b) delivery to the Town of completed W-9 forms from Mr. MacIntyre and Mr. Sullivan, pay to Plaintiffs the total sum of seven thousand and five hundred dollars ($7,500.00), payable as follows:  (a) a check in the gross amount of six thousand four hundred and fifty-four dollars ($6,454.00) payable to Mr. MacIntyre, for which the Town will issue an IRS Form 1099; and (b) a check in the gross amount of one thousand and forty-six dollars ($1,046.00) payable to Mr. Sullivan, for which the Town will issue an IRS Form 1099.  The checks will be sent to Plaintiff MacIntyre at 43 Ivory Way, Henrietta, New York 14467 and Plaintiff Sullivan at P.O. Box 62, Rushville, New York 14544.

4. **Nondisparagement**.  The Parties agree that they will not engage in any conduct that involves the making or publishing of written or oral statements or remarks that are disparaging or damaging to the integrity, reputation, or good will of Plaintiffs, Jack Moore or the Town, as the case may be, or concerning Plaintiffs' employment, unless compelled by a valid subpoena or court order issued by a court of competent jurisdiction to do so, or if otherwise required to do so by law.  Any party is allowed to make truthful statements related to or concerning the Action.

5. **Release and Waiver of Claims.**

   a. The Plaintiffs, in exchange for the promises made by the Town and Jack Moore in this Agreement, knowingly, voluntarily, irrevocably and unconditionally, release, acquit, waive and forever discharge and release Jack Moore and the Town, its officers, directors and employees, from any and all claims, demands, causes of action, and complaints that they now have related to the payment of compensation, wages and wage and notice related recordkeeping, under common, equitable, federal, state or local law, including without limitation, all claims, demands, causes of action, and complaints alleged in the Complaint or Amended Complaint filed in this Action, or otherwise arising from Plaintiffs' employment and/or termination of employment and/or association with Jack Moore or the Town.

   b. This release, discharge and waiver includes but is not limited to: (i) any claims, demands, causes of action, or complaints (collectively called "claims") arising out of or under the Fair Labor Standards Act of 1938, as amended; the New York Labor Law, as amended, as well as the regulations and Wage Orders promulgated thereunder; and any other

2

    claim whether for monies owed, reimbursement, attorneys' fees, litigations costs, damages, arising from Plaintiffs' employment and/or termination of employment and/or association with Jack Moore or the Town, including all claims asserted in the Complaint and Amended Complaint.

c. Jack Moore and the Town, in consideration of other good and valuable consideration, release and discharge Plaintiffs from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, bonds, specialties, contracts, covenants, controversies, agreements, promises, variances, trespasses, judgments, damages, executions, claims and demands under common, equitable, federal, state or local law, and whether known or unknown, or whether asserted or which may have been asserted, related to or arising from Plaintiffs' employment by Jack Moore and/or the Town, or the facts and circumstances which gave rise to the Action filed by Plaintiffs, from the date Plaintiffs commenced employment with the Town until the date of this release.

d. Nothing in this waiver and release shall be construed to constitute a waiver of: (i) any claims Plaintiffs may have against Jack Moore or the Town that arise from acts or omissions that occur after the date that Plaintiffs sign this Agreement; (ii) their right to file an administrative charge or complaint with any governmental agency; (iii) their right to participate in any administrative or court investigation, hearing or proceeding; or (iv) any claims that they cannot waive as a matter of law. In addition, this waiver and release does not affect Plaintiffs' rights as expressly created by this Agreement and does not limit their ability to enforce this Agreement.

e. Nothing contained in this release shall operate to prevent Plaintiffs from providing truthful information to a governmental agency. However, Plaintiffs shall not be entitled to recovery of any additional damages, monetary or otherwise, as a result of any charges or proceedings that may be brought against Jack Moore or the Town. Plaintiffs acknowledge that this Agreement will bar recovery in any forum for any claims that are the subject matters of the waivers and releases set forth herein, and that they will not seek any money for any claim or cause of action that is the subject matter of those waivers and releases. Further, this Agreement shall be deemed a full accord, satisfaction and settlement of the claims released and waived herein and shall constitute a sufficient basis for dismissal of such claims.

6. **Violation of Release and Claims**. If Plaintiffs file a lawsuit, charge, complaint or other claim asserting any claim or demand which is in the scope of the Release and Waiver of Claims set forth in paragraph 5, above, whether or not

such a claim is valid, Jack Moore and the Town shall retain all rights and benefits of the Release, and shall be entitled to cancel any and all future obligations of this Agreement.  In addition, Plaintiffs will be responsible for Jack Moore's and the Town's costs and attorneys' fees in defending against such legal action.

7. **Attorney Representation/Understanding and Review of Agreement.**  Plaintiffs have carefully read and fully understand all the provisions of this Agreement, specifically including the Release and Waiver of Claims Provision included in the Agreement.  Plaintiffs further acknowledge that this Agreement sets forth the entire agreement with Jack Moore and the Town.  In addition, Plaintiffs further acknowledge that they have been advised to and given an opportunity to review this Agreement with an attorney of their choice.

8. **Modifications.**  No modification, amendment or waiver of any of the provisions contained in this Agreement, or any future representation, promise or condition in connection with the subject matter of this Agreement, shall be binding upon any party hereto unless made in writing and signed by such party or by a duly authorized officer or agent of such party.

9. **Tax Responsibility.**  Plaintiffs acknowledge that Jack Moore and the Town have made no representations to them regarding the tax consequences of the amounts received by them pursuant to this Agreement.  Plaintiffs are urged to review with their own tax advisors the federal and state tax consequences of the transactions contemplated by this Agreement.  Plaintiffs hereby assume all responsibility for any federal, state, and/or local income tax liability for any monies paid or consideration given to them and their attorney(s) pursuant to this Agreement.  If any governmental body should determine that Plaintiffs owe any tax which should have been withheld, Plaintiffs will pay such tax and will defend, indemnify and hold Jack Moore and the Town harmless from such tax, interest thereon and any related penalties.

10. **Jurisdiction.**  The Parties agree that this Agreement shall be governed and interpreted by the laws of the State of New York, without regard to conflict of laws doctrines. The Parties irrevocably consent to jurisdiction and venue of any action or proceeding brought to enforce any rights, duties or obligations under this Agreement in the Supreme Court of the State of New York for the County of Monroe, or in the United States County Court for the County of Monroe.

11. **Non-Waiver of Breach.**  Any waiver of a breach of any of the terms of this Agreement shall not operate as a waiver of any other breach of such terms or any other terms, nor shall failure to enforce any term hereof operate as a waiver of any such term or any other term.

12. **Headings.**  The headings of the sections of this Agreement are for convenience of reference only and shall not affect the interpretation of this Agreement.

13. **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties and may not be modified, altered or changed orally.

14. **Execution in Counterparts; Force and Effect**.  This Agreement may be executed using facsimile or pdf/emailed signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument.  A copy of a Party's signature on this Settlement Agreement shall be acceptable in any action against that Party to enforce this Settlement Agreement. Facsimile or electronic copies of this Settlement Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.
**BY SIGNING THIS SETTLEMENT AGREEMENT, PLAINTIFFS STATE THAT: THEY HAVE READ THE SETTLEMENT AGREEMENT; THAT THEY HAVE HAD THE OPPORTUNITY TO REVIEW THIS AGREEMENT WITH AN ATTORNEY OF THEIR CHOICE, THEY UNDERSTAND THE SETTLEMENT AGREEMENT INCLUDING THEIR WAIVER AND RELEASE OF CLAIMS; AND THAT THEY HAVE SIGNED THE SETTLEMENT AGREEMENT KNOWINGLY AND VOLUNTARILY.**

THEREFORE, Stephen R. MacIntyre, Scott E. Sullivan, Jack W. Moore and the Town of Henrietta now voluntarily and knowingly execute this Agreement as follows:

_____          _____
   Stephen R. MacIntyre                                          Date


STATE OF NEW YORK      )
COUNTY OF MONROE     ) SS.:

On the ___ day of _____ in the year 2019 before me, the undersigned, personally appeared Stephen R. MacIntyre, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                          _____
                                                          Notary Public

_____        _____
        Scott E. Sullivan                                                               Date

STATE OF NEW YORK    )
COUNTY OF MONROE    ) SS.:

On the ___ day of _____ in the year 2019 before me, the undersigned, personally appeared Scott E. Sullivan, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                                _____
                                                                     Notary Public


_____        _____
        Jack W. Moore                                                                  Date

STATE OF NEW YORK    )
COUNTY OF MONROE    ) SS.:

On the ___ day of _____ in the year 2019 before me, the undersigned, personally appeared Jack W. Moore, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                                _____
                                                                     Notary Public

TOWN OF HENRIETTA
By:

_____      _____
    Stephen L. Schultz                                                      Date
    Town Supervisor


STATE OF NEW YORK     )
COUNTY OF MONROE    ) SS.:

       On the \_\_\_day of _____ in the year 2019 before me, the undersigned, personally appeared Stephen L. Schultz, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.


                                            _____
                                              Notary Public