**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**



STEPHEN R. MACINTYRE AND
SCOTT E. SULLIVAN,
        Plaintiffs,

        v.

JACK W. MOORE AND TOWN OF HENRIETTA,
        Defendants.

**DECISION & ORDER**
15-cv-6660

## Preliminary Statement

On October 30, 2015, pro se plaintiffs Stephen R. Moore ("Moore") and Scott E. Sullivan ("Sullivan") (collectively, "plaintiffs") commenced this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). They filed an amended complaint on September 15, 2017, which sought damages against the Town of Henrietta ("the Town") and its former supervisor, Jack W. Moore ("Moore") for violations of the FLSA and for unjust enrichment arising out of their employment with the Town. Plaintiffs claimed, in sum, that they were employed by the Town as inspectors with the Engineering Department but were misclassified as independent contractors and, as a result, they were not paid overtime wages to which they were entitled. Am. Compl. (Docket # 18), at 4.

On September 29, 2018, the Honorable Elizabeth A. Wolford dismissed plaintiffs' unjust enrichment claim and their FLSA claim against Moore in his official capacity. Plaintiffs' FLSA claims

1

against the Town and against Moore in his individual capacity were permitted to proceed.

This Court set the matter down for a scheduling conference on November 14, 2018. Defense counsel and MacIntyre appeared at the conference, but Sullivan did not. See Docket # 30. At the conference, defendants made an oral offer to plaintiffs to settle the case for $7,500, which they agreed to memorialize in writing and hold open for a sufficient period of time to allow both plaintiffs to respond. Anticipating the need for court approval of the settlement agreement, the parties consented to magistrate judge jurisdiction. See Docket # 31. In mid-December, the parties notified the Court that they had agreed in writing to the settlement.

This joint motion to approve the settlement followed on January 16, 2019. See Docket # 33. The settlement agreement ("the Agreement") is attached to the joint motion as Docket # 33-2. The parties seek Court approval of the Agreement and for the stipulated dismissal of the action with prejudice under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. The Court held oral argument on the motion on February 22, 2019, at which all parties requested on the record that the Court approve the settlement.

The following is my Decision and Order regarding the joint motion for settlement approval.

## Discussion

Legal Principles: "Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor." Lazaro-Garcia v. Sengupta Food Servs., No. 15-cv-4259, 2015 WL 9162701, at *1 (S.D.N.Y. Dec. 15, 2015) (citing Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 2016 (2d Cir. 2015)). To approve a settlement, the Court "must be satisfied that the agreement is 'fair and reasonable.'" Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). In making such a determination, courts consider the "totality of the circumstances" including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Medley v. Am. Cancer Soc., No. 10 CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). Other factors, however, may militate against settlement approval, such as:

> (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same

3

> industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace."

Wolinsky, 900 F. Supp. 2d at 336 (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). The Court concludes that these factors weigh in favor of approving the Agreement.

The Factors Weigh in Favor of Settlement: The Court is convinced that settlement amount of $7,500 is fair and reasonable in light of the factors outlined above. Indeed, the settlement amount reflects the entire amount of damages plaintiffs sought, minus the claimed amount for fringe benefits and attorneys' fees, neither of which have been unsubstantiated. "Under the FLSA, any employer that violates the requirement to pay minimum or overtime wages 'shall be liable . . . in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and an additional equal amount as liquidated damages." Beckert v. Rubinov, No. 15 Civ. 1951 (PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2105) (quoting 29 U.S.C. § 216(b)).

MacIntyre alleges that he is owed 76 hours of overtime totaling $807.75, and an equal amount of liquidated damages for a total of $1,615.50. He further alleges that he incurred approximately $318 in out-of-pocket expenses, and that he obtained pre-complaint legal counsel, for which he paid $3,605. Because this is a reimbursement for costs already paid, I do not treat it

as an attorneys' fee application. The Agreement would reimburse MacIntyre for all of this alleged overtime, liquidated damages, expenses, and legal fees. It would also award MacIntyre $915.50 as an incentive for bringing this case and to compensate him for legal advice he sought in connection with the Agreement. MacIntyre's total award under the Agreement is $6,454. Docket # 31-1, at 4-5.

Under the Agreement, Sullivan will also receive all of his alleged overtime and liquidated damages. He claims that he is owed for 48 hours of overtime, totaling $523. With double damages, Sullivan is owed $1,046, the amount of his award under the Agreement. Docket # 31-1, at 5.

Because plaintiffs get essentially everything they ask for under the Agreement, there is no doubt that it is in the range of recovery. And because plaintiffs would likely not be able to recover more at trial, ending the litigation at this juncture positions both parties to save substantial attorney fees and expenses that would be wasted if litigation were to continue. Continuing with litigation in light of this would pose serious risks to both parties.

Although plaintiffs are proceeding pro se in this action, I find that the Agreement is the product of fair negotiation and does not present an opportunity for fraud or collusion. At the scheduling conference, the Court had an opportunity to discuss the

settlement terms with MacIntyre, who indicated he wanted to pursue settlement negotiations. At the oral argument on this joint motion, the Court again engaged plaintiffs to ensure that they understood the terms of the Agreement and believed them to be fair and reasonable. MacIntyre indicated that he sought and received legal advice regarding whether he should sign the Agreement and, having done so, plaintiffs again requested that the Court approve the settlement. I am satisfied that, based on my discussion with plaintiffs on the record and the fact that they will receive what they sought in their complaint, these factors militate against in favor of approving the Agreement.

<u>None of the Factors Weighing Against Settlement Apply</u>: None of the factors described above that weigh against settlement are applicable here. The Court is not aware of any other employee who is similarly situated to plaintiffs nor have plaintiffs raised an argument that the Town and Moore were guilty of violations similar to those alleged here with other individuals. There is no likelihood that the situation will recur because plaintiffs no longer work for the Town and, at the conference, defense counsel indicated that such work is no longer performed in the manner in which plaintiffs performed it. Finally, there is no indication that a "pointed determination" is necessary here for deterrence purposes. Indeed, Moore is no longer supervisor of the Town.

Mutual Non-Disparagement Clause: The Agreement contains a non-disparagement clause that prohibits any party from making statements that disparage another party. ("Although not all non-disparagement clauses are *per se* objectionable, if the provision would bar plaintiffs from making any negative statement about the defendant's it must include a carve-out for truthful statements about plaintiffs' experience litigating their case." See Lazaro-Garcia, 2015 WL 9162701, at *3. The clause here contains such a carve-out for truthful statements, and is thus, permissible.

Mutual Release Clause: "Some courts scrutinizing FLSA settlements have refused to approve settlements with broad releases of claims, concluding that they conflict with the FLSA's remedial purposes." Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, No. 13-CV-5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016). In the FLSA context, courts tend to reject broad releases of "unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). Some courts go further and reject release provisions "that extend[] beyond the claims at issue in this action." Martinez v. Gulluoglu LLC, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016).

Although the clause here does not require plaintiffs to release defendants from claims unrelated to their employment, it *does* require plaintiffs to release potential liability for other

7

employment-related claims that they did not originally bring in this action. For example, the Agreement would prohibit plaintiffs from brining an action under New York Labor Law or additional actions for recordkeeping violations, neither of which were raised in the original or amended complaints. The clause states that plaintiffs release defendants form claims related to "payment of compensation, wages and wage and notice related recordkeeping . . . and complaints . . . arising from Plaintiffs' employment and/or termination of employment and/or association with Jack Moore or the Town." Further, the release provision provides:

> This release, discharge and waiver includes but is not limited to: (i) any claims, demands, causes of action, or complaints . . . arising out of or under the Fair Labor Standards Act of 1938, as amended; the New York Labor Law, as amended, as well as the regulations and Wage Orders promulgated thereunder; and any other claim . . . arising from Plaintiffs' employment and/or termination of employment and/or association with Jack Moore or the Town, including all claims asserted in the Complaint and Amended Complaint.

Docket # 33-2, at 2-3.

The release here is similar to a clause approved by the district court in Snead v. Interim HealthCare of Rochester, Inc., 286 F. Supp. 3d 546 (W.D.N.Y. 2018). There, the plaintiffs brought an FLSA action and sought approval of a settlement agreement that included a clause that would have released defendants from liability for ERISA and "any other claim . . . arising from Plaintiff's employment and/or termination or employment and/or

8

association with Defendant." Id. at 555. The court approved the clause because the plaintiff there was no longer an employee of the defendant and the release was mutual.

Similarly, here, the release is mutual, plaintiffs no longer work for the Town, and Moore is no longer supervisor. Both parties appear resolved to put this litigation behind them and move on. Furthermore, the claims that are subject of release are all employment-related claims. In other words, the release provision is not so broad as to include potential claims remotely or un-linked to the claims at issue here. For these reasons, the Court approves the release clause.

## Conclusion

For the reasons set forth above, the parties' joint motion to approve the settlement agreement and to dismiss the action (Docket # 33) is **granted**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: February 22, 2019
Rochester, New York

9